## HEAD *v.* HEAD.

If the petition for certiorari in the present case " plainly and distinctly set forth " any error of which the plaintiff therein intended to complain, it was, when considered in the light of the answer, wholly without merit, and the superior court erred in sustaining the same.

Submitted March 2, — Decided March 27, 1901.

Certiorari. Before Judge Estes. Lumpkin superior court. April 19, 1900.

"Georgia, Lumpkin County. To the superior court of said county: The petition of Anderson Head respectfully shows, that, on the 27th day of September, 1899, before Joseph Allen, notary public and ex-officio justice of the peace for the 837th militia district of said county, there came on to be tried a cause wherein C. A. J. Head was the plaintiff and petitioner was defendant, the same being a possessory warrant to try the right to the possession of a 'certain black and white spotted brood sow-hog about three years old, of the value of five dollars.' The judgment in said cause was adverse to petitioner: 'that the hog be placed in the quiet and peaceable possession of the plaintiff;' and petitioner is dissatisfied therewith. Now, therefore, he brings his petition for certiorari within 30 days after the final determination of said cause, and here proceeds plainly and distinctly to set forth what occurred on said trial, and the errors complained of.

"First, the fact developed at said trial that the hog in question had been taken up by your petitioner under the stock law in force in Yahoola district in said county. Petitioner resides with his mother, Mrs. Mary A. L. Head, whose farm and premises are located in Yahoola district in said county, which is a stock-law district. That said hog was trespassing on the crop of corn of his mother, Mrs. Mary A. L. Head, and as her agent and by her direction he had the hog caught and fastened up for safe-keeping on the premises of said Mrs. Mary A. L. Head the plaintiff who is a brother of petitioner and a son of Mrs. Mary A. L. Head; that the hog was really in the possession of Mrs. Mary A. L. Head, and not that of your petitioner. Said C. A. J. Head was notified that the hog was kept up under the stock law, and that he could have the same by paying the expenses, &c., as required by law. The said C. A. J. Head was notified within two hours after the hog was caught or impounded. Said C. A. J. Head appeared and promised to come on the following Monday. But, instead of coming as he promised, he repaired to Dahlonega, which is not under stock law, and swore out a possessory warrant before Joseph Allen, N. P. & Ex J. P., thus removing the case from the district where said case occurred and should have been tried, causing the same to be tried before an officer who did not have jurisdiction to try the same.

"Second. Because said cause should have been dismissed when a motion was made for that purpose, and turned over to the officer

of the district in which the case arose, and which only had jurisdiction thereof.

" Third.    Because the said Joseph Allen, N. P. & Ex J. P., erred in allowing, over objection, the motion to be made that the judgment of the court of ordinary, in making the lands of Mrs. Mary A. L. Head a part of Yahoola district (which is in the stock law) was null and void, because the petition on which said ordinary acted was too uncertain.    Counsel for plaintiff admitted that if Mrs. Head's lands were in the stock-law district, and said cut-off was established according to law, then the plaintiff, C. A. J. Head, had no case in court.

" Fourth.    Said case was not disposed of according to law; the right of possession was not enquired into, but only the question as to whether the proceedings in the court of ordinary were legal or illegal, and the fact that said justice held that the judgment of the court of ordinary was void, and that the land of Mrs. Head, where the hog was, was not legally in a stock-law district, the effect of which decision was to set aside the solemn judgment of the court of ordinary, and cause the hog to be delivered up, contrary to law. The further effect of said decision will be to cause the plaintiff to turn his hogs and cattle to roam at large and depredate upon the neighbors' crops, who have heretofore relied upon the judgment of the court of ordinary for protection.

" Fifth.    Because the judgment of a court of ordinary can not be collaterally attacked in this way.    Code, 5368.    Having the exclusive jurisdiction to fix district lines, and over questions affecting the stock law, the judgment of the court of ordinary can not be attacked especially in a justice court, but will remain in force, unless set aside by some higher court, or by the ordinary's court itself.    Petitioner appends copies of the papers which plaintiff introduced to show that the judgment of the court of ordinary was void.    No evidence was introduced to show the right of possession of the property.

" Wherefore, the premises considered, petitioner prays a writ of certiorari," etc.

" In answer to the writ of certiorari sued out by the defendant in the above-stated case and served upon him, respondent says that it is true that an action was brought by possessory warrant by the plaintiff in said case against Anderson Head, defendant, for the re-

covery of possession of a certain black and white spotted brood sow-hog, about three years old, and of the value of five dollars. Respondent proceeded with the trial of the case in a summary way, dealing only with the right of possession of the property in question, as required by law.　The plaintiff, C. A. J. Head, being duly sworn, testified that the hog above referred to had recently, up to or about the 23rd day of September, 1899, been in the quiet, peaceable, and legally-acquired possession of plaintiff, and that he, the said plaintiff, does in good faith claim the right of possession of the same.　About the above-mentioned date he found that his hog had been seized and taken possession of under some pretended claim; that said property was then in the hands of the sheriff of said county, he having found said hog impounded by said defendant in a stable or house of some description.　Plaintiff further testified that he demanded possession of the same, which was refused. Plaintiff also testified that the stable or house in which said hog was found or impounded was situated in what, as long as he could remember, had been the Dahlonega or 837th district G. M.　Defendant's counsel moved to dismiss said possessory warrant, on the ground that respondent had no jurisdiction, alleging, as his grounds for said motion, that the case could only be tried in Yahoola district.　Said motion was overruled on the grounds, that, granting that said hog was trespassing in Yahoola district (which respondent does not concede), respondent or any other justice of the peace or ex-officio justice of said county has a right to try possessory warrants in any district in the county.　Respondent deems defendant's counsel at fault especially in his construction of the law with reference to possessory warrants.

"Defendant, being sworn, testified that the hog in question had been taken up by him under the provisions of the stock law; and at this point defendant's attorney produced in court the original papers from ordinary's office as to what pretended to be the proceedings in certain cut-offs from the Dahlonega or 837th district to Yahoola district (no. not remembered).　Said original papers were ruled out on the ground that they were not admissible in said case. Plaintiff's attorney then offered defendant the use of a certified copy of said proceedings, which were admitted.　Respondent put the parties to this case on notice that the court was not trying a case of stock law, but only the right of possession of the property

in question under a possessory warrant. But defendant's attorney seemed determined to drag the stock law into the case; therefore respondent decided to treat the stock law as a nullity. Defendant could not even show to the court, from what purported to be plat of the lots of land included in said cut-off, what lot the hog was taken up on, or whether it was in the cut-off or not; neither did he prove by his own or the evidence of other witnesses that he had been damaged, or that he was the authorized agent of his mother, Mrs. Mary A. L. Head. That being the case, his mother, Mrs. Head, should have been the defendant in this case, and not Anderson Head as to the lands of Mrs. Head where the claim the hog was found being in the stock-law or Yahoola district was not clearly proven by defendant in said case. In summing up the whole proceeding, respondent is of the opinion that he is sustained in his judgment without attacking the solemn judgment of the court of ordinary (something that he had no intention of doing), as alleged in the application. Judgment was rendered for plaintiff for certiorari in this case. Certified copy of the proceedings of the court of ordinary and possessory warrant are hereto annexed. All of which is respectfully submitted."

*O. J. Lilly,* for plaintiff.

FISH, J. The bill of exceptions alleges error in sustaining a certiorari. We have directed the reporter to set forth, literally, the petition for certiorari and the answer of the magistrate thereto. It would be a strain to hold that the petition "plainly and distinctly set forth" any error committed by the magistrate before whom the case was tried; but even if the petition had clearly stated the rulings of which it may be inferred the plaintiff intended to complain, an inspection of the answer will show that none of the points presented by the petition were verified by the magistrate. It is plainly apparent that the petition, when considered in the light of the answer, was wholly without merit, and the superior court erred in not overruling the certiorari.

*Judgment reversed. All the Justices concurring.*